

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

CMM/SKW/AT/EWS/MOM
F. #2024R00298

*271 Cadman Plaza East
Brooklyn, New York 11201*

July 15, 2026

<u>By ECF, E-Mail, and Hard Drive</u>

Katya Jestin, Esq.
Andrew Rohrbach, Esq.
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036

Andrew D. Goldstein, Esq.
Russell Capone, Esq.
Cooley LLP
55 Hudson Yards
New York, NY 10001

John Arlia, Esq.
Wenger & Arlia LLP
20 Vesey Street, Ste #210
New York, NY 10007

Arthur L. Aidala, Esq.
Aidala, Bertuna & Kamins PC
546 5th Avenue, 6th Floor
New York, NY 10036
*Counsel for Frank V. Carone*

Kendra L. Wharton, Esq.
Wharton Law PLLC
500 S Australian Ave, Ste #600 PMB 1139
West Palm Beach, FL 33401
*Counsel for Anthony J. Carone*

Stephen P. Scaring, Esq.
Law Office of Stephen P. Scaring
666 Old Country Rd #501
Garden City, NY 11530
*Counsel for Yan Po Zhu*

John F. Carman, Esq.
The Carman Law Office
666 Old Country Rd
Garden City, NY 11530
*Counsel for Crystal Chen*

Re: United States v. Carone, et al.
Criminal Docket No. 26-177 (KAM)

Dear Counsel:

Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The discovery is being produced pursuant to the protective order entered by the Court on July 8, 2026. ECF No. 76. The government requests reciprocal discovery from the defendants.

1

I.      The Government's Discovery

    A.      Documents and Tangible Objects

        Enclosed is an index setting forth the documents and other material produced herein. Pursuant to the terms of the protective order, some of the material has been designated as Sensitive Discovery Material, or "SDM," and should be handled accordingly. You may examine the physical evidence discoverable under Rule 16, including original documents, by calling us to arrange a mutually convenient time.

    B.      Reports of Examinations and Tests

        The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

    C.      Expert Witnesses

        The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

    D.      Brady Material

        The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

        Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

    E.      Other Crimes, Wrongs or Acts

        The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendants' Required Disclosures

        The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendants' possession, custody or

control, and that the defendants intend to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendants intend to call at trial.

The government also requests that the defendants disclose prior statements of witnesses who will be called by any of the defendants to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendants disclose a written summary of testimony that any defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of any defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom any defendant intends to rely in establishing the defense identified in any such notice.  Please also provide notice of any defendant's intention to rely on an advice of counsel defense.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Very truly yours,

MICHAEL G. CONSIDINE
Attorney for the United States
Acting Under Authority Conferred by 28
U.S.C. § 515

By:        _____/s/_____
Catherine M. Mirabile
Sara K. Winik
Adam R. Toporovsky
Eric Silverberg
Michael McGuinness
Assistant U.S. Attorneys
(718) 254-7000

Enclosure

c.c.     Clerk of Court (without enclosure) (by ECF)